IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Christine G., ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 3:23-cv-50075 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Frank J. Bisignano, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christine G. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her application for supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**I. Background**

In May 2020, Plaintiff filed an application for supplemental security income, alleging a disability beginning on December 1, 2017, because of diabetes type II, mitral regurgitation, atrial fibrillation, depression, high blood pressure, cholesterol, acid reflux, and sleep issues. R. 86. Plaintiff was 55 years old at the time she filed her application. R. 121.

Following a hearing, an administrative law judge ("ALJ") issued a decision in August 2022, finding that Plaintiff was not disabled. R. 14–32. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post fusion; degenerative joint disease of the left knee; atrial fibrillation status post ablation; diabetes; peripheral neuropathy; and obesity. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. The ALJ determined that Plaintiff was capable of performing her past relevant work as a receptionist as generally performed and a billing clerk as actually and generally performed. After the Appeals Council denied Plaintiff's request for review on January 6, 2023, R. 1, Plaintiff filed the instant action. Dkt. 1.

**II. Standard of Review**

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 7.

1

adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); s*ee also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

### III. Discussion

Plaintiff challenges the ALJ's decision, arguing that: (1) the RFC is not supported by substantial evidence; and (2) the ALJ improperly assessed her past relevant work. As detailed below, the Court finds that the ALJ's decision is supported by substantial evidence.

### A. RFC

Plaintiff argues that the ALJ crafted an RFC that did not properly account for the state agency physician's opinion, her use of a cane, and her neuropathy. A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 416.945(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, the ALJ said enough to ensure that she considered the totality of Plaintiff's limitations in formulating the RFC. In determining Plaintiff's RFC, the ALJ evaluated the state agency physicians' opinions, which were the only opinions in the record addressing Plaintiff's functional limitations.

On June 1, 2021, Calixto Aquino, M.D., reviewed Plaintiff's medical records and opined that Plaintiff had the RFC to perform light work (stand and walk for a total of 6 hours and sit for

a total of 6 hours in an 8-hour workday) along with mostly frequent[2] postural limitations due to her atrial fibrillation, broad-based gait, and limitations in her cervical and lumbar spine, shoulder, elbow, hip, and knee. R. 97–100. Due to Plaintiff's age and lack of past relevant work, she was determined to be disabled. R. 101.

Following this initial determination, Plaintiff's file was reviewed by the SSA's Office of Quality Review ("OQR"), noting the need for more information on Plaintiff's past relevant work. R. 85. After the review, on June 15, 2021, Marta Madera, M.D., opined that Plaintiff could stand and walk for a total of 4 hours and sit for 6 hours due to her diabetic polyneuropathy, her lumbar spine, left knee, atrial fibrillation, and obesity. R. 93. Dr. Madera stated that "[t]he presence of poorly controlled DM and HTN may complicate even the best outcome." R. 93. Dr. Madera also limited Plaintiff to only occasional[3] postural limitations except that she could never climb ladders, ropes, and scaffolds and must avoid concentrated exposure to heights and hazards.

On July 27, 2021, Dr. Aquino issued a revised RFC, in which he limited Plaintiff to standing and walking for a total of 4 hours (instead of 6 hours). R. 125. The SSA also obtained additional information from Plaintiff regarding her past relevant work. R. 127. In light of the revised RFC and the additional information on Plaintiff's past relevant work, Plaintiff was found not disabled because she could perform her past sedentary work as a billing clerk. R. 126–27.

On January 13, 2022, at the reconsideration level, Jennifer Western, M.D., found that Plaintiff could stand and walk for a total of 2 hours and sit for 6 hours. R. 135. Unlike Drs. Aquino and Madera, Dr. Western specifically considered Listing 11.14 for Plaintiff's peripheral neuropathy when considering her functional limitations. R. 134. Dr. Western also found that Plaintiff was limited to occasional and frequent postural limitations and no concentrated exposure to heights, hazards, and vibration due to her atrial fibrillation, decreased range of motion in the lumbar spine, and antalgic gait. R. 135–36.

When evaluating Plaintiff's functioning, the ALJ determined that Dr. Madera's opinion and Dr. Aquino's initial and revised opinions that Plaintiff could perform a reduced range of light work were unpersuasive. R. 30. The ALJ found that although Drs. Aquino and Madera

> supported their findings with an explanation based on a review of the evidence, their finding are inconsistent, particularly given the claimant's history of lumbar surgery in October 2020 [ ], the additional imaging studies noted above [ ], the physical therapy records showing some lower extremity motor strength deficits and antalgic gait, and lower extremity disturbance and gait abnormality at the consultative examination [ ], her left knee osteoarthritis, her atrial fibrillation and related symptoms, and her obesity.

R. 30.

---

[2] *See* Social Security Ruling 83-10, 1983 WL 31251, at *6 ("'Frequent' means occurring from one-third to two-thirds of the time.").
[3] *See* Social Security Ruling 83-10, 1983 WL 31251, at *5 ("'Occasionally' means occurring from very little up to one-third of the time.").

3

The ALJ further determined that Dr. Western's opinion that Plaintiff could perform sedentary work was persuasive. R. 30. The ALJ found that Dr. Western not only supported her opinion with an explanation and review of the evidence but that her opinion was also "consistent with the longitudinal record, including the claimant's treatment history, the imagine studies, her surgical history, her knee osteoarthritis, the findings of decreased sensation and antalgic gait, her obesity, her cardiac symptoms, the OQR findings." R. 30.

Accordingly, the ALJ relied on Dr. Western's opinion when determining that Plaintiff was limited to sedentary work with occasional postural limitations except that she could never climb ladders, ropes, and scaffolds and must avoid work hazards and extreme temperatures, wetness, and humidity. R. 23. The ALJ further found that:

> the claimant's reports of fatigue, dizziness, syncope, her cardiac conditions, her neuropathy, her knee osteoarthritis, and her history of back surgery as well as findings of decreased sensation and antalgic gait support a sedentary exertional level with the postural limitations noted. The limitation to avoid workplace hazards (dangerous moving machinery and unprotected heights), the limitation to work indoor temperature control work and avoid extreme temperatures, wetness and humidity and no climbing ladders, ropes or scaffolds are to prevent aggravation or triggers of her symptoms as well as in the interest of safety (due to obesity, neuropathy, decreased sensation, antalgic gait, complaints of dizziness/balance, and syncope, etc.).

R. 31.

Plaintiff disagrees with the ALJ's RFC determination, arguing that the ALJ failed to "fully confront" Dr. Madera's opinion when finding her capable of performing full-time sedentary work. Pl.'s Mot. at 4, Dkt. 18. Plaintiff takes issue with the ALJ's failure to specifically address Dr. Madera's statement that "[t]he presence of poorly controlled DM [diabetes mellitus] and HTN [hypertension] may complicate even the best outcome." R. 93. Plaintiff argues that Dr. Madera qualified her opinion that Plaintiff could only stand and walk for 4 hours out of an 8-hour workday because her statement "suggested that plaintiff would still have difficulty maintaining work within those parameters" due to her uncontrolled symptoms. Pl.'s Reply at 1, Dkt. 25.

Plaintiff speculates that Dr. Madera thought Plaintiff was not capable of full-time work or required additional functional limitations, but there is no indication in her opinion that such was the case. As the Commissioner points out, an RFC is the *most* work Plaintiff can perform despite her limitations. 20 C.F.R. § 416.945(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. Dr. Madera's statement about Plaintiff's poorly controlled diabetes and hypertension does not undermine her RFC. Dr. Madera opined to specific functional limitations based on Plaintiff's impairments, including neuropathy related to her diabetes. The ALJ properly evaluated the supportability and consistency of Dr. Madera's opinion and ultimately found it unpersuasive. *See* 20 C.F.R. § 416.920c(b)(2); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022) ("... the 'most important factors' are a medical opinion's 'supportability' and 'consistency' with the evidence in the record."). The ALJ specifically reduced the recommended RFC further to "prevent aggravation or triggers of her symptoms." R. 31.

Plaintiff also makes the unsupported argument that "by limiting the plaintiff to sedentary work the ALJ did not effectively limit the plaintiff more than that of the state agency consultations, whose reduced light RFC was more consistent with sedentary work." Pl.'s Mot. at 5, Dkt. 18. The ALJ did impose a more restrictive RFC than the RFC proposed by the state agency physicians. Not only did the ALJ limit Plaintiff to 2 hours of standing and walking (unlike the 4 hours opined to by Drs. Aquino and Madera), but the ALJ further limited Plaintiff to temperature-controlled work that never required climbing ladders, ropes, or scaffolds. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 859-60 (7th Cir. 2023) (stating that the ALJ's "careful consideration" of the evidence was "shown by the fact that he departed from the residual functional capacity recommended by the state agency physicians ... based on his independent review of the full evidentiary record"). The ALJ reasonably found a more restrictive RFC warranted after weighing all the opinion and other evidence in the record.

Plaintiff also argues that the ALJ failed to include a limitation in the RFC to address her need for a cane to ambulate. However, Plaintiff has not shown that the ALJ erred by failing to include this limitation.

Plaintiff argues that the ALJ did not confront the evidence that she used a cane. Contrary to Plaintiff's argument, the ALJ specifically acknowledged that Plaintiff complained of dizziness and imbalance and used a cane for stability. R. 27, 31. The ALJ also specifically credited Plaintiff's reports of dizziness and evidence of an antalgic gait in finding a sedentary RFC with additional postural limitations necessary. R. 31. However, the ALJ found that Plaintiff's need for a cane was not supported because the only medical note referencing Plaintiff's use of a cane stated only that Plaintiff was to use the cane "if necessary." R. 31. Plaintiff cites to no other medical evidence or opinions in the record that supports her need for a cane. *See Richmond v. Chater*, 94 F.3d 647, at *7 n.9 (7th Cir. 1996) (unpublished) ("[Claimant's] personal decision to use a cane does not necessarily mean that he could not walk without one.").

Lastly, Plaintiff argues that the ALJ crafted an RFC that did not properly account for her neuropathy. Plaintiff argues that the ALJ rejected her "neuropathic symptoms because she did not have an EMG in support of her symptoms." Pl.'s Reply at 2, Dkt. 25. Although the ALJ noted the absence of an EMG, the ALJ did not discount Plaintiff's neuropathy because there was no EMG study. Instead, the ALJ found that Plaintiff's neuropathy was a severe impairment and specifically cited her neuropathy as a reason to reduce Plaintiff to sedentary work with additional postural limitations. R. 16, 31.

Plaintiff still argues that the RFC determination is deficient because the ALJ did not assess any limitations in the use of her hands due to neuropathy. Plaintiff acknowledges that no medical provider assessed her with any manipulative limitations. Pl.'s Mot. at 10, Dkt. 18; *see Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018) (unpublished) ("It was [Plaintiff]'s burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."). Nevertheless, Plaintiff argues that this case should be remanded for "further development" to determine whether Plaintiff's neuropathy impacted her hands. Pl.'s Mot. at 10, Dkt. 18. Plaintiff's "[m]ere conjecture or speculation that additional

5

evidence might have been obtained in the case is insufficient to warrant a remand." *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) (citation omitted).

For all these reasons, Plaintiff's arguments concerning the RFC amount to nothing more than a disagreement with the way the ALJ weighed the evidence, which is not a ground for remand. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1070, (7th Cir. 2023) ("Where ALJ clearly notes all the evidence–that which supports his conclusion and that which undermines it–we cannot replace his judgment with ours."). The Court finds that the ALJ's decision reflects a thorough evaluation of the evidence in the record, and the ALJ provided a sufficient explanation for ultimately finding that the evidence supported an RFC for a limited range of sedentary work.

**B. Past Relevant Work**

Plaintiff argues in her opening brief that the ALJ improperly assessed her past relevant work as a billing clerk. Specifically, Plaintiff argues that because her wages do not amount to substantial gainful activity, the ALJ could not rely on this job in support of her decision at step four.

In response, the Commissioner points out that in addition to the billing clerk position, the ALJ also found that Plaintiff was able to perform her past relevant work as a receptionist. Moreover, the Commissioner points to evidence that Plaintiff did perform the billing clerk job at substantial gainful activity levels. *See* Def.'s Resp. at 11, Dkt. 23. Plaintiff makes no attempt to respond and abandons the argument altogether in her reply. Therefore, the Court deems Plaintiff's argument forfeited. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("[Plaintiffs'] failure to respond to [Defendant's] arguments leads us also to conclude that they have waived [that] argument.").

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Date: May 30, 2025　　　　　　　　　　　　By: *Margaret J. Schneider*
　　　　　　　　　　　　　　　　　　　　　　Margaret J. Schneider
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge